THOMAS W. WEISMAN and JOHN F. DUNN, trading as WEISMAN & DUNN, *vs.* THE COMMERCIAL FIRE INSURANCE COMPANY, a corporation of the State of Delaware.

*Debt — Insurance — Conditions in Policy — Agent — Premiums—Waiver of Payment—Ratification of Payment—Inferring Payment.*

1. Certain provisions in an insurance policy, if applicable to the case, held to be binding upon the plaintiffs.

2. Where the general agents have authority to receive a premium for an insurance company, and it is shown that the premium was paid to one who was the agent, or servant, of the general agents, for effecting insurance and collecting the premium, such payment is as effective as if made to the general agents, or to the company, notwithstanding the fact that the policy provided that "If the premium be not paid to this company upon the delivery of this policy, this policy shall be void and of no effect until such premium shall shall have been received by this company at its general office."

3. The payment of the premium was necessary to give validity to the policy unless such payment was duly waived by the company.

4. If the company, after being notified of the loss, and of the claim for damages under the policy, treated the policy as a subsisting and binding contract of insurance, and objected to payment merely because of alleged defects in the proofs of loss—or other similar grounds—and then and afterwards, before the bringing of the action, failed to repudiate the contract as invalid for non-payment of the premium; the jury may infer that the company, or its duly authorized agent, had in fact received the premium, unless there be satisfactory proof to the contrary.

5. If the premium was paid to one who by the terms of the policy was not authorized to receive it, and the company, or its duly authorized agent, afterwards received the money so paid, it would be a sufficient payment, without regard to the method or channel through which such money reached the company or its authorized agent.

6. If the company, or its duly authorized agent never in fact received the money so paid, and the company subsequently, without qualification, treated the policy as a binding contract, this would be equivalent to an adoption or ratification of such payment, and would be sufficient.

(*May 28, 1901.*)

JUDGES SPRUANCE and GRUBB sitting.

*Charles M. Curtis* and *Robert Penington* for plaintiffs.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, May Term, 1901.

ACTION OF DEBT (No. 72, May Term, 1899).

The facts appear in the charge of the Court.

SPRUANCE, J., charging the jury:

Gentlemen of the jury :—This is an action brought by Thomas W. Weisman and John F. Dunn, trading as Weisman & Dunn, against The Commercial Fire Insurance Company—a corporation of this State—upon a policy of the defendant company dated October 18, 1898, purporting to insure, for the term of one year thereafter, certain personal property of the plaintiffs in their woolen mill in the State of Rhode Island against all direct loss or damage by fire, to an amount not exceeding $2500.

It is not disputed that the policy is in due form—and signed and countersigned by the proper officers and agents of the company—nor is it disputed that the policy was delivered by one Tillinghast to the plaintiffs about ten or fifteen days before the fire, and that the plaintiffs then paid him the premium thereon with the premiums on certain policies of other companies on the same property.

It is alleged by the plaintiffs that this property was totally destroyed by fire on November 2, 1898; that its value, with the value of certain other property destroyed at the same time, amounted to $15,555.51 ; and (there being other policies of insurance on the same property) that the *pro rata* share of the loss chargeable to the defendant company is $1185.67, on which they claim interest from March 1, 1899.

To the plaintiffs' declaration setting forth their cause of complaint the defendant company filed six pleas, all of which have been abandoned—or not now insisted upon—except one, which is to the effect that by the acceptance of the policy it was agreed by the plaintiffs that the defendant should not be liable for any loss or damage by fire until the plaintiffs should have paid the premiums in said policy mentioned ($25) to the defendant, or its duly authorized agent whose name was subscribed thereto, and that until such payment said policy should be void, and that the plaintiffs have never made such payment to the defendant or to its duly authorized agent whose name was subscribed to the policy, and that the policy is therefore void.

To this plea the plaintiffs filed a replication, averring in substance that before the said loss or damage by fire the premium on said policy ($25) was paid by the plaintiffs to the defendant.

The issue thus made, as to the payment of said premium, is to be determined by you from the evidence.

The rule in regard to the degree of proof required in criminal and civil cases is very different. In criminal cases every material fact must be proved beyond a reasonable doubt, while in civil cases, as this is, it is sufficient that there be a preponderance of evidence in support of the material facts.

In civil cases, it is the duty of the jury to carefully consider all the evidence, and to render their verdict for that party in whose favor is the greater weight of the evidence.

In this inquiry the jury should not rely solely on the number of witnesses, but should have regard to their credibility and their opportunity for knowledge, nor should the jury consider only the direct testimony, but they should give due weight to all the facts and circumstances disclosed by the evidence having relation to the questions in dispute.

The defendant directs our attention to the following clauses of the policy :—

" In any matter relating to this insurance, *no person, unless*

*duly authorized in writing, and who shall have countersigned this policy, shall be deemed the agent of this company,* and the assured agrees with this company by the acceptance hereof that this company shall not be bound by the acts of any other person. Any other person shall be deemed to be the agent of the insured, and the payment of the premium to such person shall be at the sole risk of the insured. If the premium hereon be not paid to this company upon the delivery of this policy, this entire policy shall be void and of no effect, until said premium shall have been received by this company at its general office.  *   *   *

" This policy is made by the Commercial Fire Insurance Company, and accepted by the assured, subject to all the foregoing stipulations and conditions, and each agrees to be bound by them, and no officer, agent or other representative of this company shall have power to waive any provisions or conditions of this policy except," etc.

We say to you that these provisions of the policy, so far as they are applicable to this case, are binding upon the plaintiffs.

It is admitted that the firm of Rothchild & Co. countersigned the policy, and that they were the general agents of the company—and that the payment of the premium to them would have bound the company—but it is denied that the payment to Tillinghast bound the company. In this connection you will consider the evidence as to Tillinghast's relation not merely to the company, but also to the firm of Rothchild & Co. If you find from the evidence that Tillinghast was the servant or agent of Rothchild & Co., for effecting the insurance and collecting the premium, and that the plaintiffs paid the premium to Tillinghast, as such agent, then such payment was in effect a payment to Rothchild & Co. and was as valid as if made directly to Rothchild & Co., or to the defendant company at its general office.

The payment of the premium was necessary to give validity to the policy unless such payment was duly waived by the company.

If you find from the evidence that the defendant company—after being notified of the plaintiffs' loss, and of their claim for damages under this policy—treated the policy as a subsisting and binding contract of insurance—and objected to the payment of the loss merely because of alleged defects in the proofs of loss, or other similar grounds—and then and afterwards, before the bringing of this action, failed to repudiate the contract as invalid for non-payment of the premium—you may infer that the company or its duly authorized agent had in fact received the premium, unless there be satisfactory proof to the contrary.

If the premium was paid to one who by the terms of the policy was not authorized to receive it, and the company, or its duly authorized agent, afterwards received the money so paid, it would be a sufficient payment, without regard to the method or channel through which the money reached the company or its authorized agent.

If the company, or its duly authorized agent, never in fact received the money so paid, and the company subsequently, without qualification, treated the policy as a contract binding upon it, this would be equivalent to an adoption or ratification of such payment, and would be sufficient.

The defendant submits to us four prayers for instructions, the first of which is that you be directed to find a verdict for the defendant. We decline so to charge you.

Without indicating what in the opinion of the Court is or is not proved, we are clearly of the opinion that there is sufficient evidence to require us to submit the case for your consideration and determination.

We decline to charge in the language of the other three prayers, as the terms of these prayers require considerable modification and qualification. Having already stated our views upon the subject, we deem further comment upon said prayers unnecessary.

The plaintiffs present to us five prayers.

To what we have already said as to the subjects of these

prayers, we deem it necessary only to add that when a company makes a policy, complete in form, and sends it out for delivery to the insured, and after such delivery—and after a loss by fire—the company treats the policy as a valid and binding contract—these are facts from which may be inferred in the absence of satisfactory proof to the contrary, the payment of the premium to the company or its duly authorized agent—or a waiver of such payment.

Verdict for plaintiff for $1345.11.